Affirmed and Memorandum Opinion filed November 1, 2005














Affirmed and Memorandum Opinion filed November 1,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00444-CR

_______________

 

ABELARDO FLORES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 939,838

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Abelardo
Flores appeals a conviction for delivery of a controlled substance[1]
on the grounds that the evidence is legally and factually insufficient to
support the jury=s verdict.  We affirm.

Legal Sufficiency








Appellant=s first point of error contends that
the evidence is legally insufficient to show delivery of a controlled substance
because the State did not prove an actual or constructive transfer of, or offer
to sell, the controlled substance.  In a
legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Salinas
v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005). 

The
elements of the offense of delivery of a controlled substance are:  (1) a person 
(2) knowingly or intentionally (3) delivers (4) a controlled
substance.  Tex. Health & Safety Code Ann. ' 481.112(a) (Vernon 2003).   A delivery may be effected through: (1)
actual transfer, (2) constructive transfer, or (3) an offer to sell.  Id. ' 481.002(8) (Vernon Supp. 2004-2005).  Delivery by offer to sell is complete when,
by words or deed, a person knowingly or intentionally offers to sell a
controlled substance.  Stewart v.
State, 718 S.W.2d 286, 288 (Tex.
Crim. App.1986).  

In
this case, the trial court submitted all three theories of delivery to the jury,
each of which authorized appellant=s conviction either as a principal or
as a party to a delivery by Enrique Alvaran. 
Where, as here, the court=s charge authorized the jury to
convict on more than one theory, the verdict will be upheld if the evidence is
sufficient on any one of the theories.  Guevara
v. State, 152 S.W.3d 45, 49 (Tex.
Crim. App. 2004).  Evidence is sufficient
to convict under the law of parties where the defendant is physically present
at the commission of the offense and encourages its commission by words or
other agreement.  Salinas, 163 S.W.3d at 739.  Such party participation may be shown by
events occurring before, during, and after the commission of the offense, and
may be demonstrated by actions showing an understanding and common design to do
the prohibited act.  Id. at 739-40.








Viewed
in the light most favorable to the jury verdict, the evidence shows the
following facts.  Confidential police
informant Elroy Garcia was introduced to appellant by appellant=s brother after Garcia mentioned that
he was interested in purchasing some heroin. 
Garcia then introduced appellant to undercover police officer John
Garza, posing as a buyer, on February 11, 2003. 
During this meeting, Garza purchased what was purported to be an ounce
of heroin (but was actually less than that) from appellant and arranged to
purchase a larger amount of heroin from appellant on a future date.  At a meeting on February 12, between
appellant, Garcia, and Alvaran, Alvaran delivered additional heroin to Garcia
to make up the shortage from the preceding day=s sale to Garza.  Between February 13 and February 17,
appellant placed about ten phone calls to Alvaran.  On February 17, appellant and Alvaran went to
Garcia=s motel room, where Alvaran placed heroin
in plain view and the three discussed the weight and purity of the heroin.[2]  When Garza arrived, they all discussed the
apparent shortage of heroin from the earlier deal, as well as the quality of
the heroin, after which several officers broke into the room to arrest
appellant and Alvaran.[3]  This evidence is legally sufficient to prove
that appellant, himself or with Alvaran, offered to sell, by words or deed, a
controlled substance to Garza. 
Therefore,  appellant=s first point is overruled.

Factual
Sufficiency

Appellant=s second point of error challenges
factual sufficiency on the ground that the State=s evidence of his involvement in the
drug transaction was greatly outweighed by his evidence that his dealings with Garcia
were entirely innocent and simply concerned the potential purchase of a
property in Mexico.  In reviewing factual sufficiency, we view all
the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, while adequate if
taken alone, is greatly outweighed by contrary proof.  Vodochodsky v. State, 158 S.W.3d 502,
510 (Tex.
Crim. App. 2005).








To
support this contention, appellant directs us to his own testimony, testimony
of Geraldo Flores, appellant=s brother, and testimony of a family friend, Reynaldo
Contreras. Both appellant=s brother and Reynaldo Contreras corroborated appellant=s testimony that his dealings with
Garcia involved only a land deal in Mexico.  In addition, appellant denied being involved
in the February 11th and 12th meetings and denied having met with Garza before
February 17th.  Appellant further
testified that he barely knew Alvaran and that he was only present at the
February 17th meeting to bring beer to Garcia. 
Appellant thus contends that this Adefense evidence greatly outweighed
that of the state in credibility.@ 
Although there is clearly conflicting evidence regarding appellant=s involvement in the drug
transactions, our factual sufficiency review may not substantially intrude on
the fact finder=s role as sole judge of the weight and credibility of the
witnesses,[4]
except to avoid a manifest injustice.[5]  Because our record does not reflect any such
disparity in the evidence in this case, appellant=s second point of error is overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 1, 2005.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and the trial court assessed punishment of 12 years
confinement.





[2]           During
this meeting, police officer Daniel Rosales monitored the conversation via a
microphone hidden on Garcia=s body.  The
tape recording from this meeting was provided to the jury, as well as a
translated transcript (the parties spoke Spanish during the meeting).  Portions of the tape recording were played,
and, although the translator could not identify the voices on the recording in
the translated transcript, both officers Rosales and Garza identified appellant=s voice. 
Rosales identified appellant=s voice
as stating Athe one I brought, it=s good,@ as well as identifying the voices of appellant,
Alvaran, and Garcia discussing the weight of the heroin.





[3]           Officer
Garza identified appellant=s voice as stating, AThe
mistake, the one I brought.  This is the
same as the last that was sent.@  Officer Garza
testified that appellant was referring to the February 11th heroin deal between
appellant and Garza, when appellant had Ashorted@ Garza.





[4]           Johnson
v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).





[5]           Swearingen
v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003).